```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                                  - - -
     JANE DOE,
 4                                          :      CIVIL ACTION NO.
                   Plaintiff,               :
 5                                          :
                v.                          :
 6                                          :
     WILMINGTON HOUSING AUTHORITY,          :
 7   and FREDERICK S. PURNELL, SR.,         :
                                            :      10-473 (JJF-LPS)
 8             Defendants.
                                    - - -
 9
                            Wilmington, Delaware
10                        Friday, November 12, 2010
                             TELEPHONE CONFERENCE
11
                                    - - -
12
     BEFORE:   HONORABLE **LEONARD P. STARK**, U.S. MAGISTRATE JUDGE
13
                                    - - -
14   APPEARANCES:

15

16             FOX ROTHSCHILD, LLP
               BY:   FRANCIS G.X. PILEGGI, ESQ., and
17                   AUSTEN ENDERSBY, ESQ.

18                     Counsel for Plaintiff

19

20             YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
               BY:   BARRY M. WILLOUGHBY, ESQ.,
21                   TERESA A. CHEEK, ESQ., and
                     LAUREN E. MOAK, ESQ.
22
                       Counsel for Defendant
23

24
                                   Brian P. Gaffigan
25                                 Registered Merit Reporter
```

```
 1                         - oOo -

 2                     P R O C E E D I N G S

 3             (REPORTER'S NOTE:  The following telephone

 4   conference was held in chambers, beginning at 2:31 p.m.)

 5             THE COURT:  Good afternoon everybody.  This is

 6   Judge Stark.  Who is there, please?

 7             MR. PILEGGI:  Good afternoon, your Honor.

 8   Francis Pileggi and Austen Endersby of Fox Rothschild for

 9   the plaintiffs.

10             MR. WILLOUGHBY:  Your Honor, it's Barry

11   Willoughby along with Teresa Cheek and Lauren Moak for the

12   defendants, Young Conway.

13             THE COURT:  Okay.  Great.  Good afternoon all of

14   you.  It is, for the record, our case of Doe v Wilmington

15   Housing Authority.  It's our Civil Action No. 10-473-LPS.

16             We're here for a status conference.  I do have a

17   court reporter.

18             I have reviewed the two letters from the parties

19   and have a pretty good idea of how I want to proceed, but

20   let me first ask and make sure, have there been any

21   developments?  For instance, have you settled the case?

22             MR. WILLOUGHBY:  No, we haven't, your Honor.

23             THE COURT:  Is that Mr. Pileggi?

24             MR. WILLOUGHBY:  It's Mr. Willoughby.

25             THE COURT:  And you agree with that, Mr.
```

1    Pileggi?

2              MR. PILEGGI:  Your Honor, we agree with that,
3    that the case is not yet settled.

4              THE COURT:  So here is how I see where we are.
5    In my view, the plaintiffs are entitled to have the
6    constitutionality of the -- I'll call it "new" but I
7    understand it to be the current policies that are now in
8    effect.  They are entitled to press a constitutional
9    challenge to those policies and to have a court review
10   them.  They are not entitled, however, to have any judicial
11   assessment of the now defunct policies which were in place
12   at the start of the case but as I understand it no longer
13   are.

14             So what I want, and what I'm going to do, is
15   I'm going to schedule a hearing.  I've already got a date.
16   It's March 29th at 2:00 p.m.  And I want to leave it to the
17   parties to figure out and propose to the Court a schedule
18   for how we get to March 29th and what we're doing on
19   March 29th.

20             I'll just throw out to you that it seems to me
21   that probably what needs to be done is a deadline for amended
22   pleadings and then a deadline for either case dispositive
23   motions or I don't know if you want to tee it up as a
24   preliminary injunction motion, but basically for the parties
25   to figure out what you need to do in order to tee up the

1    constitutional issue, get it fully briefed for me by three
2    weeks before the hearing, so by March 7th. And then we'll
3    have the hearing and we'll get you a resolution of this
4    dispute.
5              But go ahead and react to what I've proposed and
6    ask any questions you may have. Mr. Pileggi.
7              MR. PILEGGI: Your Honor, that's fine. We
8    appreciate the hearing; and I'm sure that my friends and I
9    can work on a pretrial schedule that we will submit. And I
10   guess, does that include any discovery that might be
11   necessary to tee up, your Honor?
12             THE COURT: Well, I figured you all would, in
13   the first instance, see if you could agree on whether it
14   requires discovery.
15             MR. PILEGGI: Okay.
16             THE COURT: And if you can't agree on that, then
17   obviously I would have to determine that.
18             MR. PILEGGI: Well, maybe Barry and I can talk
19   off-line, and I feel confident we can propose a pretrial
20   schedule.
21             MR. WILLOUGHBY: I just had a slightly different
22   idea in mind. I'll just throw it out there for the Court's
23   consideration and for Mr. Pileggi's consideration. We have
24   a bench trial. Neither side has requested a jury so we
25   don't have to worry about all the things that go with a jury

```
 1    trial.  It seems to me that doing a briefing before the
 2    testimony is almost putting the Court through double work;
 3    and what I sort of had in mind if the parties were
 4    agreeable, the Court was agreeable, was to do a hearing,
 5    to the extent there is factual testimony to put on the
 6    record, and there may be some but I don't think it will be
 7    lengthy, and then do you post-trial briefing and have the
 8    Court decide a final injunction or final order based on that
 9    rather than having going through perhaps two steps with case
10    dispositive motions and then post-trial briefing.  Because
11    we don't have a jury involved, it seems to me that is kind
12    of double work for the Court.
13              The only proposal I would make and throw out
14    there is we still have the hearing on the 29th but then we
15    do post-trial briefing and the Court can resolve all the
16    issues at that point.
17              THE COURT:  Any response to that, Mr. Pileggi?
18              MR. PILEGGI:  Yes, your Honor.  I feel confident
19    that we are going to be submitting dispositive motions and
20    that -- and I think that maybe in another type of case,
21    Barry's comment would make more sense.  But since we're
22    planning, I think it's almost a certainty -- in fact, I will
23    say it is a certainty that we will be filing dispositive
24    motions.  So for that reason, it seems to me if we're filing
25    dispositive motions, the March date might be an oral
```

1  argument date.  I don't know if the Court typically has oral
2  argument on these things, but since we're going to be filing
3  dispositive motions, it seems to me that unless the Court
4  wants to hear oral argument before March 29th, I think
5  scheduling a time for testimony might be unnecessary.
6              THE COURT:  All right.  Well, here is we I can
7  tell you on that.  And by the way, the March 29th, the time
8  that I have reserved for you is at 2:00 o'clock.  I don't
9  know if I said that.
10             MR. WILLOUGHBY:  You did, your Honor.  Thank
11 you.
12             THE COURT:  And I'll hold on to the whole
13 afternoon for you.
14             I'm going to let you all talk further about
15 this, but given the timing in which I hoped to get the case
16 resolved, I want whatever evidence anybody thinks needs to
17 be presented to me as well as any briefing, I want that done
18 by the end of March.  So if you all agree that we need an
19 evidentiary hearing or a trial or something that is going to
20 require a post-hearing or post-trial submissions, then we're
21 going to get you a date for that proceeding in the early
22 part of March so that you can get the briefing done by the
23 end of March.
24             When I gave you the March 29th date for hearing,
25 I envisioned really that it would be oral argument on cross

1  motions for summary judgment or possibly a preliminary

2  injunction hearing that would be fully briefed prior to the

3  hearing.  But the idea is the briefing and whatever hearings

4  we're going to have are going to be done over the course of

5  March so that I have everything I need to make a decision.

6           And with that, I'll just leave it to all of

7  you and give you a week to get back to me with a proposed

8  scheduling order.  Hopefully, it's all agreed upon.  If it

9  isn't, then just note in the proposal what the competing

10 proposals are.  And if I need to, we'll set a date to get

11 you on the phone real quick just to get those disputes

12 resolved.

13          Anything else or any questions?

14          MR. PILEGGI:  Just quickly, your Honor.

15          I don't know if you are willing to accept any

16 additional written arguments on the issue of whether or not

17 the Court is going to consider any formal disposition on the

18 prior policy.  I heard what your Honor said at the beginning

19 of the call and I'm not here to reargue that.  I just don't

20 know if the Court would consider any further written

21 argument on that issue.

22          THE COURT:  I don't expect I will change my

23 mind on it, but you can certainly put into the schedule,

24 if you want to, the opportunity to brief that issue in

25 conjunction with whatever else you're filing, but we've

```
 1   looked at the letters, we've looked at the authorities.  My
 2   sense is what I think it has been throughout much of the
 3   case because we've sort of discussed this before, is that
 4   you were entitled to a determination of one or the other but
 5   not both, and now it seems pretty clear to me which one you
 6   are entitled to a determination of.
 7             MR. PILEGGI:  Okay.  Thank you, your Honor.
 8             THE COURT:  Okay.
 9             MR. WILLOUGHBY:  Your Honor, we will work
10   together and submit a hopefully jointly agreed to scheduling
11   order within, by this time next week?
12             THE COURT:  Exactly.
13             MR. WILLOUGHBY:  Okay.
14             MR. PILEGGI:  Thank you very much, your Honor.
15             THE COURT:  Okay.  Thank you all.  We'll look
16   forward to your submissions.
17             MR. WILLOUGHBY:  Thank you, your Honor.
18             THE COURT:  Good-bye.
19             MR. WILLOUGHBY:  Good-bye.
20             (Telephone conference ends at 2:40 p.m.)
21
22
23
24
25
```