# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE and CHARLES BOONE, | : |
| | : |
| Plaintiffs, | : **JURY TRIAL DEMANDED** |
| | : |
| v. | : C.A. No. 1:10-cv-00473-LPS |
| | : |
| WILMINGTON HOUSING AUTHORITY and | : |
| FREDERICK S. PURNELL, SR., in his official | : |
| capacity as executive director of the | : |
| Wilmington Housing Authority, | : |
| | : |
| Defendants. | : |

## SECOND AMENDED COMPLAINT

Plaintiffs, Jane Doe and Charles Boone ("Plaintiffs"), by and through their undersigned attorneys, hereby file this Amended Complaint[1] against Defendants, Wilmington Housing Authority and Frederick S. Purnell, Sr. (collectively, "Defendants"), and assert the following:

### Parties

1) Plaintiff Jane Doe is a resident of The Park View, a public housing facility managed by the Wilmington Housing Authority.[2]

2) Plaintiff Charles Boone ("Mr. Boone") is a 72 year-old veteran of the United States Army. Mr. Boone is a resident of Southbridge Apartments, a public housing facility owned and administered by the Wilmington Housing Authority.

3) Defendant Wilmington Housing Authority ("WHA") is public entity of the State of Delaware created pursuant to 31 *Del. C.* § 4303. Its administrative office is located at 400 N.

---

[1] The original Verified Complaint for Injunctive Relief was filed by Plaintiff in the Court of Chancery for the State of Delaware on or about May 26, 2010. (D.I. 1, Ex. A) Defendants removed this case to the U.S. District Court for the District of Delaware on or about June 1, 2010. (D.I. 1) A redlined copy of this Second Amended Complaint showing the changes from the first amended complaint is attached hereto as Exhibit "1". The parties stipulated to this second amendment of the complaint without the need for a motion to amend, after the recent scheduling conference with the court.

[2] *See* Declaration of Frederick S. Purnell, Sr. ("Declaration"), at ¶ 2 (D.I. 20).

Walnut Street, Wilmington, Delaware 19801.

4) Frederick S. Purnell, Sr. ("Purnell") is the executive director of the WHA. Upon information and belief, Defendant Purnell is responsible for overseeing enforcement of WHA policies.

## Jurisdiction

5) Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs and usages of the State of Delaware and political subdivisions or agencies thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## Background – Jane Doe

6) Ms. Doe entered into a lease agreement with The Park View.

7) Paragraph 24 of the House Rules, which are incorporated into The Park View lease, governs possession and use of weapons.[3]

8) House Rule 24 provides: "Tenant is not permitted to display or use any firearms, BB guns, pellet guns, slingshots, or other weapons on the premises."[4]

9) Section 19(c) of The Park View lease, entitled "TERMINATION OF TENANCY", states: "The Landlord may terminate this Agreement prior to the expiration of the

---

[3] *See* Declaration, at ¶ 10 (D.I. 20).
[4] *Id*. at ¶ 11.

lease for: (1) The Tenant's material noncompliance with the terms of this lease including the general restrictions and rules . . . ."[5]

10) Ms. Doe has kept, is keeping and/or desires to keep a firearm in her home for personal protection and other lawful purposes.

11) House Rule 24 of The Park View lease, reasonably interpreted, would prevent Ms. Doe from using a firearm in her home for self defense and/or would prevent her from exercising the full measure of her fundamental right to keep and bear arms while on WHA-managed premises.

12) Ms. Doe is a responsible law abiding adult who is qualified to own firearms in her home for lawful self defense and other lawful purposes. But for the lease provisions, she would forthwith lawfully possess a firearm in her home without the threat of eviction.

13) Defendants were notified via electronic mail and regular mail several months prior to the filing of this suit that the lease provisions violated the constitutional right to keep and bear arms of their tenants.

14) To date Defendants have failed to restore the full extent of the constitutional right to keep and bear arms of their tenants.[6]

15) Upon learning that Plaintiff intended to seek legal advice regarding this prohibition against keeping firearms in her own home, agents of Defendants tried to intimidate Plaintiff by approaching her at her apartment door in an attempt to discourage her from pursuing her rights, such as proceeding with this case.

---

[5] *See id.* at Exhibit "E".

[6] After filing their Answer to the Complaint in this matter, in which they denied the principal allegations, Defendants informally and belatedly indicated that they do not intend now to enforce the offensive lease provisions. Nevertheless, any such belated concessions need to be reduced to a permanent injunction and/or other Judgment and Order of the Court. "[A] pledge of nonprosecution, however earnestly given, does not satisfy a citizen's right to notice of the law. History teaches that 'Trust us' is no guarantee of due process." *Kasler v. Lungren*, 72 Cal. Rptr. 2d 260, 271 (1998), *rev'd on other grounds*, *Kasler v. Lockyer*, 23 Cal.4th 472, 2 P.3d 581 (2000).

16) At all relevant times, Defendants acted under color of law of the State of Delaware. *See Wilmington Housing Authority v. Williamson,* 228 A.2d 782, 787 (Del. 1967) (Wilmington Housing Authority is a state agency).

17) The lease provisions prohibiting lawful use and possession of firearms expose Ms. Doe to the threat of eviction.[7]

18) Defendants, in reply to the original Complaint, have promulgated new rules and/or regulations restricting the lawful use and possession of firearms in WHA facilities. Among other restrictions, Defendants limit lawful firearm possession in common or public areas of facilities owned and/or managed by the WHA, such as The Park View.[8] By letter dated October 26, 2010, Defendants' counsel notified the Court that the House Rules for The Park View would be amended based on a new WHA Firearms and Weapons Policy (the "New Policy"). A copy of the New Policy is attached hereto as Exhibit "2". As of the date of this Second Amended Complaint, Ms. Doe has not received any copies of amended House Rules reflecting the New Policy, nor does Defendants' filing with the Court of October 26, 2010 appear to include any amendments to the House Rules. Nonetheless, the New Policy continues to violate Ms. Doe's fundamental right to keep and bear arms under both the U.S. Constitution and the Delaware Constitution, as well as corresponding statutes.

19) The above deprivations of the right to keep and bear arms applies only to low-income persons who reside in public housing, a type of government housing, owned or managed by the WHA. Wealthier persons who live in another type of government housing are not deprived of the right to keep and bear arms. Similarly, persons who can afford to live in private housing are not deprived of this right. Defendants' above-described deprivation of Plaintiff's

---

[7] *See* Declaration, at Exhibit "E" ¶ 19 and footnote 6.
[8] *See* Declaration, at ¶ 13 (D.I. 20) (proposing amendment to House Rule 24).

civil rights under color of law has been and continues to be intentional, ongoing and in a discriminatory manner, based (at minimum) upon Plaintiff's economic and/or social status.

## Background – Charles Boone

20) Plaintiff Charles Boone ("Mr. Boone") entered into a lease agreement with the WHA.

21) Section IX(P) of the WHA lease, entitled "RESIDENT OBLIGATIONS", obligates residents "Not to display, use, or possess or allow members of Resident's household or guests to display, use or possess any firearms, (operable or inoperable) or other dangerous instruments or deadly weapons as defined by the laws of the State of Delaware anywhere on the property of the Authority." By letter dated October 26, 2010, Defendants' counsel notified the Court that this provision of the lease would be amended by the New Policy. Nonetheless, the New Policy continues to violate Mr. Boone's fundamental right to keep and bear arms under both the U.S. Constitution and the Delaware Constitution, as well as corresponding state statutes.

22) Section XIV(A) of the WHA lease, entitled "TERMINATION OF THE LEASE", states: "This Lease may be terminated for serious *or* repeated violations of material terms of the Lease, or failure to fulfill Resident obligations set forth in Section IX and other terms and conditions herein, or for other good cause." (emphasis in original).

23) Mr. Boone has kept, is keeping and/or desires to keep a firearm in his home for personal protection and other lawful purposes.

24) Section IX(P) of the WHA lease, as amended, still prevents Mr. Boone from exercising the full measure of his fundamental right to keep and bear arms while on WHA premises.

25) Mr. Boone is a responsible law abiding adult who is qualified to own firearms for lawful self defense and other lawful purposes. But for the lease provisions, he would forthwith lawfully possess a firearm without the threat of eviction.

26) Defendants were notified via electronic mail and regular mail several months prior to the filing of this suit that the lease provisions violated the constitutional right to keep and bear arms of their tenants.

27) To date Defendants have failed to restore the constitutional right to keep and bear arms of their tenants, such as by abrogating the lease provisions prohibiting possession or use of firearms as allowed by law.[9]

28) At all relevant times, Defendants acted under color of law of the State of Delaware. *See Wilmington Housing Authority v. Williamson,* 228 A.782, 787 (1967) (Wilmington Housing Authority is a state agency).

29) The lease provisions prohibiting lawful use and possession of firearms expose Mr. Boone to the threat of eviction.[10]

30) Defendants, in reply to the original Complaint, now have promulgated new rules and/or regulations restricting the lawful use and possession of firearms in WHA facilities. Among other restrictions, Defendants limit lawful firearm possession in common or public areas of facilities owned and/or managed by the WHA, such as the Southbridge Apartments.[11]

31) The above deprivations of the right to keep and bear arms applies only to low-income persons who reside in public housing, a type of government housing, owned or managed by the WHA. Wealthier persons who live in another type of government housing are not deprived of the right to keep and bear arms. Similarly, persons who can afford to live in private

---

[9] *See supra* footnote 6.
[10] *See* Amended Complaint at ¶ 22 and footnote 6.
[11] *See* Exhibit "2" at ¶ 3 (the New Policy).

6

housing are not deprived of this right. Defendants' above-described deprivation of Plaintiffs' civil rights under color of law has been and continues to be intentional, ongoing and in a discriminatory manner, based (at minimum) on Plaintiff's economic and/or social status.

### Basis For Injunctive Relief

32) There is a reasonable probability that Plaintiffs will succeed on the merits of this action because Defendants' lease provisions prohibiting and/or the New Policy restricting, lawful possession of firearms clearly violates the Second and Fourteenth Amendments to the United States Constitution, as well as Article I, § 20 of the Delaware State Constitution; and is preempted by existing Delaware law, and/or exceeds the statutory scope of authority granted to Defendants.

33) A deprivation of constitutional rights can constitute irreparable harm. *See Norfolk Southern Corp. v. Oberly*, 594 F.Supp. 514, 522 (D. Del. 1984).

34) Defendants have intentionally deprived, are depriving and continue to deprive Plaintiffs of their constitutional right to keep and bear arms under color of law. Pursuant to the lease and/or the New Policy, Defendants' past and current violation of Plaintiff's civil rights have exposed and continue to expose Plaintiffs to the threat of eviction from public housing should they choose to exercise their constitutional right to possess firearms initially in their homes and anywhere on WHA property, and now in common areas of WHA facilities.

35) Plaintiffs have been and will be irreparably injured if Defendants are not enjoined from enforcing the lease provisions and/or the New Policy restricting or prohibiting lawful possession of firearms. Without an injunction, Plaintiffs have and will continue to suffer adverse effects including the deprivation of their constitutional rights, the threat of eviction and/or retaliation, and increased vulnerability to violent crime.

36) The irreparable harm to Plaintiffs outweighs any potential harm, if any, to Defendants caused by granting the injunctive relief.

37) Enjoining Defendants from enforcing the lease provisions and/or the New Policy restricting or prohibiting lawful possession of firearms serves the public interest because the lease provisions and/or the New Policyviolate federal and state constitutional rights.

## COUNT 1 – VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

38) Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

39) The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

40) The Fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

41) The Second Amendment is applicable to States through the Fourteenth Amendment. *See McDonald v. Chicago*, 130 S.Ct. 3020, 3050 (2010).

42) Defendants' lease provisions forbidding and/or the New Policy restricting the lawful use and possession of firearms infringe upon Plaintiffs' right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments.

43) Defendants' lease provisions forbidding and/or the New Policy restricting the lawful use and possession of firearms are unconstitutional.

8

44) Because Defendants' lease provisions forbidding and/or the New Policy restricting the lawful use and possession of firearms, infringe upon Plaintiffs' federal right to keep and bear arms, they are not enforceable.

45) Plaintiffs have no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of their rights, privileges and immunities.

46) As a proximate cause of the unlawful policies imposed by Defendants as alleged above, Plaintiffs have had their constitutional right to keep and bear arms violated every day since moving onto the premises, depriving them of the sense of security that exercise of this right affords by allowing them to keep firearms in their homes for lawful protection and depriving them of the availability of firearms for other lawful purposes. Plaintiffs are thereby entitled to compensatory damages from Defendants.

47) Defendants knew or should have known that Plaintiffs had a constitutional right to keep firearms in their homes and otherwise to possess firearms on the premises and that their aforesaid policies willfully violated this constitutional right and despite ample notice, Defendants refused to correct their policies prior to the filing of this suit. Plaintiffs are thereby entitled to punitive and exemplary damages from Defendants.

## COUNT 2 – VIOLATION OF STATE CONSTITUTIONAL RIGHTS

48) Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

49) Article I, § 20 of the Delaware State Constitution provides: "A person has the right to keep and bear arms for the defense of self, family, home and State, and for hunting and recreational use."

50) Defendants' lease provisions forbidding and/or the New Policy restricting the lawful use and possession of firearms, infringe upon Plaintiffs' right to keep and bear arms as guaranteed by the Article I, § 20 of the Delaware State Constitution.

51) Because Defendants' lease provisions forbidding and/or the New Policy restricting the lawful use and possession of firearms, infringe upon Plaintiffs' state rights to keep and bear arms, they are not enforceable.

52) As a proximate cause of the unlawful policies imposed by Defendants as alleged above, Plaintiffs have had their constitutional right to keep and bear arms violated every day since moving onto the premises, depriving them of the sense of security that exercise of this right affords by allowing them to keep firearms in their homes for lawful protection and depriving them of the availability of firearms for other lawful purposes. Plaintiffs are thereby entitled to compensatory damages from Defendants.

53) Defendants knew or should have known that Plaintiffs had a constitutional right to keep firearms in their homes and otherwise to possess firearms on the premises and that their aforesaid policies willfully violated this constitutional right and despite ample notice, Defendants refused to correct their policies prior to the filing of this suit. Plaintiffs are thereby entitled to punitive and exemplary damages from Defendants.

## COUNT 3 – PREEMPTION BY STATE LAW

54) Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

55) The Delaware General Assembly has enacted a comprehensive regulatory scheme governing the use and possession of firearms.

56) Within Chapter 9 of Title 24 of the Delaware Code, the Delaware General Assembly established laws governing dealers of firearms, including the following: a licensing requirement (24 *Del. C.* §§901, 902); prohibition of sales to minor or intoxicated persons (24 *Del. C.* §903); requiring record keeping (24 *Del. C.* §904) and criminal history checks (24 *Del. C.* §904A).

57) Within Title 11 of the Delaware Code, the Delaware General Assembly established criminal restrictions on the possession of firearms. The General Assembly passed laws, including but not limited to: laws that require a person to have a license to carry a concealed weapon (11 *Del. C.* §§ 1441, 1441A, 1442); restricting sale, use and possession of sawed-off shotguns and machine guns (11 *Del. C.* § 1444); prohibiting sale or transfer of a firearm to a minor (11 *Del. C.* § 1445); criminalizing possession of a firearm during commission of a felony (11 *Del. C.* §§ 1447, 1447A); prohibiting certain persons from owning, using or purchasing firearms (11 *Del. C.* § 1448); requiring a criminal background check prior to purchase/sale of a firearm (11 *Del. C.* § 1448A); criminalizing the act of giving a firearm to a prohibited person or engaging in a sale or purchase of a firearm on behalf of a person not legally allowed to sell or purchase firearms (11 *Del. C.* §§ 1454, 1455); criminalizing unlawfully permitting a minor access to a firearm (11 *Del. C.* § 1456).

58) The Delaware General Assembly has expressly preempted local governments from regulating firearm possession. Section 111 of Title 22 of the Delaware Code provides in pertinent part: "The municipal governments shall enact no law, ordinance or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms or ammunition except that the discharge of a firearm may be regulated."

59) The Delaware General Assembly has expressly preempted county governments from regulating firearms possession. Section 330(c) of Title 9 provides in pertinent part: "The county governments shall enact no law or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms or ammunition except that the discharge of a firearm may be regulated; provided any law, ordinance or regulation incorporate the justification defenses as found in Title 11 of the Delaware Code."

60) Defendants' lease provisions forbidding and/or the New Policy restricting the lawful use and possession of firearms are inconsistent with and preempted by the comprehensive regulatory scheme provided by the Delaware General Assembly.

61) As a proximate cause of the unlawful policies imposed by Defendants as alleged above, Plaintiffs have had their constitutional right to keep and bear arms violated every day since moving onto the premises, depriving them of the sense of security that exercise of this right affords by allowing them to keep firearms in their homes for lawful protection and depriving them of the availability of firearms for other lawful purposes. Plaintiffs are thereby entitled to compensatory damages from Defendants.

62) Defendants knew or should have known that Plaintiffs had a constitutional right to keep firearms in their homes and otherwise to possess firearms on the premises and that their aforesaid policies willfully violated this constitutional right and despite ample notice, Defendants refused to correct their policies prior to the filing of this suit. Plaintiffs are thereby entitled to punitive and exemplary damages from Defendants.

## COUNT 4 – EXCEEDING SCOPE OF AUTHORITY

63) Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

64) Defendants have no authority to deprive their residents of firearms for lawful protection contrary to the state regulatory scheme. *See* 31 *Del. C.* §§ 4301, *et seq*.

65) An administrative agency has limited powers. It may only act within the scope of authority delineated by the statute creating the agency. Therefore, unless an agency is empowered to do so, it may not make rules in an area where the legislature has demonstrated its exclusive intent to regulate the field.

66) By depriving Plaintiffs of the lawful use and possession of firearms, Defendants degrade rather than "promote and protect the health, safety, morals and welfare of the public," contrary to its legislative purpose. *See* 31 *Del. C.* § 4302.

## COUNT 5– DECLARATORY RELIEF UNDER 10 *DEL. C.* § 6501

67) Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

68) A clear controversy exists between Plaintiffs and Defendants as to whether the Defendants' lease provisions forbidding and/or the New Policy restricting residents from the use and possession of firearms are unlawful.

69) Plaintiffs seek a declaratory judgment that Defendants' lease provisions forbidding and/or the New Policy restricting residents from the use and possession of firearms are unlawful because they violate the Second and Fourteenth Amendments to the United States Constitution, as well as Article I, § 20 of the Delaware State Constitution; and are preempted by existing Delaware law, and/or exceed the statutory scope of authority granted to Defendants.

70) A declaratory judgment is necessary and proper in order to determine whether the Defendants' lease provisions forbidding and/or the New Policy restricting residents from the use and possession of firearms are unlawful.

71) Defendants' initial Answer filed in this matter in reply to the original Complaint, in which they denied that they violated constitutional and civil rights, is contradicted by their later rescission (at least in part) of their violative policies.

72) Plaintiffs are entitled to compensatory, punitive and exemplary damages for the prior and existing violations by the Defendants of both the U.S. and Delaware Constitutions.

**WHEREFORE**, Plaintiffs, Jane Doe and Charles Boone, request the following relief in a jury trial, which Plaintiffs demand:

1) That this Court render a declaratory judgment that Defendants' attempt to enforce the lease provisions prohibiting and/or the New Policy restricting the lawful possession of firearms violates the Second and Fourteenth Amendments to the United States Constitution, as well as Article I, § 20 of the Delaware State Constitution; and is preempted by existing Delaware law, and/or exceeds the statutory scope of authority granted to Defendants;

2) That this Court issue a Preliminary and Permanent Injunction enjoining and restraining Defendants from enforcing the lease provisions prohibiting and/or the New Policy restricting the lawful use and possession of firearms;

3) Award Plaintiffs relief as provided by statute and common law;

4) Award Plaintiffs compensatory, punitive and exemplary damages;

5) Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) and any other pertinent provisions of law;

6) Award such other and further relief as the Court deems just and proper, including costs, pre-judgment and post-judgment interest.

FOX ROTHSCHILD LLP

By: */s/ Francis G.X. Pileggi*
Francis G.X. Pileggi (Del. Bar No. 2624)
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, Delaware  19801
(302) 655-3667

*Attorneys for Plaintiffs Jane Doe
and Charles Boone*

Date:  December 6, 2010