IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE and CHARLES BOONE, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) C.A. No. 10-473-LPS |
| WILMINGTON HOUSING AUTHORITY | ) |
| and FREDERICK S. PURNELL, SR., in his | ) **JURY TRIAL DEMANDED** |
| official capacity as executive director of the | ) |
| Wilmington Housing Authority, | ) |
| | ) |
| Defendants. | ) |

**SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES**

Defendants answer Plaintiffs' Second Amended Complaint as follows[1]:

**Parties**

1. Admitted, upon information and belief, that Plaintiff Jane Doe is a resident of The Park View. Denied that The Park View is a public housing facility administered by Wilmington Housing Authority ("WHA"). By way of further answer, The Park View is a privately owned apartment building currently being operated by WHA pursuant to an agreement with Electra Arms Senior Associates, L.P.[2]

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Charles Boone is a veteran of the United States Army. Otherwise admitted.

3. The allegation that WHA is a "public entity of the State of Delaware" states a legal conclusion to which no response is required. It is admitted only that the WHA was created

---

[1] Admitted.

[2] Denied. By way of further answer, Paragraph 2 of Defendant Purnell's Declaration provides only that "The Park View is managed by WHA, but it is not a public housing site and it is not owned by WHA."

1

pursuant to 31 Del. C. § 4303, and that its administrative office is located at 400 N. Walnut Street, Wilmington, Delaware 19801.

    4.    Admitted.

## Jurisdiction

    5.    This paragraph states a legal conclusion to which no response is required.

## Background—Jane Doe

    6.    Admitted.

    7.    Admitted.[3]

    8.    Admitted.[4]

    9.    Admitted.[5]

    10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

    11.    Denied. By way of further answer, during Defendant Purnell's tenure as Executive Director of WHA, WHA has not evicted a tenant solely for the lawful use or possession of a firearm or other weapon.

    12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Jane Doe is a responsible, law-abiding adult who is qualified to own firearms in her home for lawful self-defense and other lawful purposes. Denied that The

---

[3] Admitted. By way of further answer, Paragraph 10 of Defendant Purnell's Declaration states "The portion fo the Park View lease that governs possession and use of weapons is Paragraph 24 of the House rules. The House Rules are incorporated into The Park View lease as Attachment 3."

[4] Admitted. By way of further answer, Paragraph 11 of Defendant Purnell's Declaration states "House Rule 24 provides: 'Tenant is not permitted to display or use any firearms, BB guns, pellet guns, slingshots, or other weapons on the premises.'"

[5] Admitted.

Park View has any lease provision or rule that would prevent a resident of The Park View from lawful possession of firearms in her residence.

13.  Denied.  By way of further answer, Defendants received a letter dated February 1, 2010, from Robert Dowlut, General Counsel for the National Rifle Association, stating his belief that portions of WHA's Lease and Grievance Procedure for Public Housing Residents, *prior to its amendment*, violated the Second Amendment and the Constitution of the State of Delaware.  Neither Plaintiff Jane Doe nor the other residents of The Park View are subject to the lease provisions objected to in Dowlut's letter.  Further, the Second Amendment to the U.S. Constitution was not applicable to the states through the Fourteenth Amendment until the U.S. Supreme Court decided McDonald v. City of Chicago, 130 S. Ct. 3010 (2010), on June 28, 2010.

14.  Denied.  By way of further answer, none of Defendants' actions has deprived any individual of any constitutional right, whether state or federal.  Because Defendants have not deprived any individual of any constitutional right, they cannot fail to restore those constitutional rights.[6]

15.  Denied.

16.  This paragraph states a legal conclusion to which no response is required.  To the extent this paragraph contains factual allegations, they are denied.

17.  Denied.  By way of further answer, neither the original House Rule 24, nor Amended Rule 24, prohibits the lawful possession of a firearm, nor has either rule been interpreted by Defendants to prohibit the lawful use of a firearm for self defense.[7]

---

[6] Admitted only that WHA agreed to suspend application of Section IX.P. of the WHA lease pending its amendment.  See Declaration of Frederick S. Purnell, Sr. ¶ 25.  The remainder of the first sentence of this footnote is denied.  The last three sentences of this footnote state legal conclusions to which no response is required.  To the extent these sentences contain factual allegations, they are denied.

[7] The document speaks for itself.  Any contrary characterizations are denied.

18.     Denied.  As a preliminary matter, the application of the original Rule 24 was suspended as of June 28, 2010, when WHA initiated the process of amending the rule. Moreover, during Defendant Purnell's tenure as Executive Director of WHA, WHA has not evicted a tenant solely for the lawful use or possession of a firearm or other weapon.  By way of further answer, on December 13, 2010, the Wilmington Revitalization Corporation formally adopted Amended Rule 24.[8]  Amended Rule 24 is substantively identical to the WHA Firearms and Weapons Policy.  Defendants expressly deny that Amended Rule 24 violates any tenant's state or federal constitutional rights, or any corresponding statutory rights.

19.     Denied.  By way of further answer, many provisions in the United States Code and the Delaware Code limit the right of individuals to keep and bear arms.  See, e.g., the National Firearms Act of 1934, 26 U.S.C. ch. 53; the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3711; the Gun Control Act of 1968, 18 U.S.C. ch. 44; the Brady Handgun Violence Prevention Act of 1993, 18 U.S.C. §§ 921-22; and 11 Del. C. §§ 1441-1459. Defendants further expressly deny that either Rule 24 or Amended Rule 24 constitutes a deprivation of civil rights or unlawful discrimination.

## Background—Charles Boone

20.     Admitted.

21.     Denied that Section IX.P. of the WHA's Lease and Grievance Procedure for Public Housing Residents contains the language quoted by Plaintiffs.  Pursuant to WHA's adoption of the WHA Firearms and Weapons Policy, Section IX.P. of the WHA lease now provides that "Ownership, possession, transportation, display, and use of firearms and weapons is governed by the Wilmington Housing Authority Firearms and Weapons Policy which is

---

[8] The document speaks for itself.  Any contrary characterizations are denied.  A copy of Amended Rule 24, as well as the resolution adopting it, are attached hereto as Exhibit 1.

4

incorporated into and made a part of this lease." Defendants further deny that this provision, or the WHA Firearms and Weapons Policy, violates Plaintiff Boone's state or federal constitutional rights, or any corresponding statutes.

22. Admitted.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

24. Denied. By way of further answer, during Defendant Purnell's tenure as Executive Director of WHA, WHA has not evicted a tenant solely for the lawful use or possession of a firearm or other weapon.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

26. Denied. By way of further answer, Defendants received a letter dated February 1, 2010, from Robert Dowlut, General Counsel for the National Rifle Association, stating his belief that portions of WHA's Lease and Grievance Procedure for Public Housing Residents, *prior to its amendment*, violated the Second Amendment and the Constitution of the State of Delaware. Further, the Second Amendment to the U.S. Constitution was not applicable to the states through the Fourteenth Amendment until the U.S. Supreme Court decided McDonald v. City of Chicago, 130 S. Ct. 3020 (2010) on June 28, 2010.

27. Denied. By way of further answer, none of Defendants' actions has deprived any individual of any constitutional right, whether state or federal. Because Defendants have not deprived any individual of any constitutional right, they cannot fail to restore those constitutional rights.[9]

---

[9] Defendants incorporate by reference their answer to footnote 6, supra.

28. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

29. Denied. By way of further answer, during Defendant Purnell's tenure as Executive Director of WHA, WHA has not evicted a tenant solely for the lawful use or possession of a firearm or other weapon.[10]

30. Admitted that in their Answer to Plaintiffs' original Complaint, Defendants stated that they would not enforce Section IX.P. of the WHA lease pending adoption of a new policy in accordance with the HUD-mandated process for a public hearing concerning lease modifications. On October 25, 2010, WHA adopted the WHA Firearms and Weapons Policy, which speaks for itself.[11]

31. Denied. By way of further answer, many provisions in the United States Code and the Delaware Code limit the right of individuals to keep and bear arms. See, e.g., the National Firearms Act of 1934, 26 U.S.C. ch. 53; the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3711; the Gun Control Act of 1968, 18 U.S.C. ch. 44; the Brady Handgun Violence Prevention Act of 1993, 18 U.S.C. §§ 921-22; and 11 Del. C. §§ 1441-1459. Defendants further expressly deny that the WHA Firearms and Weapons Policy constitutes a deprivation of civil rights or unlawful discrimination.

**Basis for Injunctive Relief**

32. Denied.

33. Denied.

34. Denied.

---

[10] Defendants incorporate by reference their answer to Paragraph 22 and footnote 6, supra.

[11] Admitted that Exhibit 2 to Plaintiffs' Second Amended Complaint is an accurate copy of the WHA Firearms and Weapons Policy. By way of further answer, an additional copy of the WHA Firearms and Weapons Policy, and the resolution adopting it, are attached hereto as Exhibit 2.

35. Denied.

36. Denied.

37. Denied.

## **COUNT 1—VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS**

38. Defendants incorporate by reference all of the answers contained in the foregoing paragraphs as if set forth in full herein.

39. Admitted. By way of further answer, the U.S. Supreme Court has made clear that the Second Amendment does not prohibit reasonable restrictions on possession and use of firearms, stating in <u>District of Columbia v. Heller</u>, 554 U.S. 570, 128 S. Ct. 2783, 2816-17 (2008):

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. . . . For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. . . . [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
>
> We also recognize another important limitation on the right to keep and carry arms. *Miller* said, as we have explained, that the sorts of weapons protected were those "in common use at the time." . . . We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of "dangerous and unusual weapons."

40. Admitted.

41. Admitted that in <u>McDonald v. City of Chicago</u>, 130 S. Ct. 3020 (2010), decided on June 28, 2010, the U.S. Supreme Court held for the first time that the Second Amendment was applicable to the states through the Fourteenth Amendment.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### COUNT 2—VIOLATION OF STATE CONSTITUTIONAL RIGHTS

48. Defendants incorporate by reference all of the answers contained in the foregoing paragraphs as if set forth in full herein.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### COUNT 3—PREEMPTION BY STATE LAW

54. Defendants incorporate by reference all of the answers contained in the foregoing paragraphs as if set forth in full herein.

55. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

56. This paragraph states a legal conclusion to which no response is required.

57. This paragraph states a legal conclusion to which no response is required.

58. Admitted only that the Amended Complaint accurately quotes part of 22 <u>Del</u>. <u>C</u>. § 111; otherwise denied.

59. Admitted only that the Amended Complaint accurately quotes part of 9 <u>Del</u>. <u>C</u>. § 330(c); otherwise denied.

60. Denied.

61. Denied.

62. Denied.

### COUNT 4—EXCEEDING SCOPE OF AUTHORITY

63. Defendants incorporate by reference all of the answers contained in the foregoing paragraphs as if set forth in full herein.

64. Denied.

65. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

66. Denied.

### COUNT 5—DECLARATORY RELIEF UNDER 10 DEL. C. § 6501

67. Defendants incorporate by reference all of the answers contained in the foregoing paragraphs as if set forth in full herein.

68. Denied.

69. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

70. This paragraph states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

71. Denied. By way of further answer, Defendants' promulgation of the WHA Firearms and Weapons Policy and Amended Rule 24 in no way concedes Plaintiffs' allegations.

9

Defendants' decision to promulgate amended policies was an independent decision, made without regard to any finding of this Court regarding the legality of any WHA policy.

72.  Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs have failed to exhaust their pre-litigation administrative remedies.

3. No case or controversy currently exists between the parties.

4. Defendants acted at all times in good faith and on reasonable grounds.

5. Defendants have not knowingly or intentionally waived any applicable defenses, and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendants further reserve the right to amend their Second Amended Answer and Affirmative Defenses accordingly.

WHEREFORE, Defendants Wilmington Housing Authority and Frederick S. Purnell, Sr. respectfully request that this Court deny Plaintiffs' request for relief, and enter judgment in favor of the Defendants.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (I.D. No. 1016)
Teresa A. Cheek, Esquire (I.D. No. 2657)
Lauren E. Moak, Esquire (I.D. No. 5366)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3286
E-mail: bwilloughby@ycst.com
*Attorneys for Defendants*

Dated:  December 20, 2010